UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANGELA D. DOWLING,

                              Petitioner,

              -against-

AMERICAN CREDIT ACCEPTANCE,

                              Respondent.

26-CV-3150 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner, who resides in North Arlington, New Jersey, brings this *pro se* action against American Credit Acceptance, asserting what appear to be claims arising from an auto loan and an unspecified individual or entity that is "holding [Petitioner's] car." (ECF 1, at 1.) For the following reasons, the Court transfers this action to the United States District Court for the District of New Jersey.

## DISCUSSION

Under 28 U.S.C. § 1391(b), unless otherwise provided by law, a federal civil action may be brought in a United States District Court for

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Petitioner does not allege facts regarding Respondent's residence, including whether it resides in the State of New York or within this judicial district.[1] Thus, is it not clear from the complaint that this court is a proper venue for Petitioner's claims under Section 1391(b)(1). Petitioner alleges no facts suggesting that any of the events giving rise to her claims occurred in this district. Because Petitioner alleges that she resides in North Arlington, New Jersey, and her claims arise from a loan agreement related to an auto loan, it appears that the events giving rise to her claims likely occurred at her residence in New Jersey. Furthermore, the Court notes that, in another action filed in this court against Respondent, Petitioner alleges that her car, presumably the same car that is the subject of this action, is being held in a lot located in Trenton, New Jersey. *See Perez Dowling v. Am. Credit Acceptance*, No. 26-CV-4200 (LTS), ECF 1, at 2 (S.D.N.Y.).[2] The State of New Jersey comprises a single judicial district. *See* 28 U.S.C. § 110. It therefore appears that venue for her claims is likely proper under Section 1391(b)(2) in the District of New Jersey.

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the

---

[1] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

[2] Petitioner has filed numerous duplicative, repetitive, and frivolous *pro se* actions in this court, many of which arise from events occurring in New Jersey. By order dated May 26, 2026, the court recounted Petitioner's litigation history in this court and directed her to show cause why the court should not bar her from filing further civil actions in this court *in forma pauperis* without first obtaining the court's permission. *Perez v. US Treasury Inspector Gen.*, ECF 1:26-CV-4161, 5 (S.D.N.Y. May 26, 2026).

convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate in this case. It appears that the events giving rise to Petitioner's claims, including the alleged harm she experienced as a result of those events, occurred at her residence in New Jersey. It further appears that the property that is the subject of this action—Petitioner's car—is also located in New Jersey. It is reasonable to expect that at last some of the relevant documents and witnesses are also in New Jersey. The District of New Jersey appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the District of New Jersey. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of New Jersey. Whether Petitioner should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this case in this court.

3

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   June 9, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge